———————o———————

METHODIST EPISCOPAL HOSPITAL IN THE CITY OF PHILADELPHIA, a corporation of the State of Pennsylvania, vs. ROBERT H. WILLIAMS, Executor under the last will and testament of ELIZA P. CLARK, deceased.

WILLS—BEQUEST—MISNOMER OF BENEFICIARY.

Where testatrix bequeathed five thousand dollars to the "Methodist Episcopal Hospital of the City of Philadelphia" to endow a bed in memory of her daughters, the bequest was good to the "Methodist Episcopal Hospital in the City of Philadelphia," the only Methodist Episcopal Hospital in the city, and one to which testatrix, prior to her death, had made annual contributions.

(*October* 30, 1914.)

PENNEWILL, C. J., and CONRAD and HEISEL, J. J., sitting.
*Caleb E. Burchenal* for plaintiff.
*W. Watson Harrington* for defendant.
Superior Court, Kent County, October Term, 1914.

ACTION OF ASSUMPSIT, No. 60, October Term, 1914.

Action brought by the Methodist Episcopal Hospital in the City of Philadelphia, a corporation, against Robert H. Williams, executor of Eliza P. Clark, deceased, to recover a certain legacy of five thousand dollars, bequeathed by the deceased in and by her will to the "Methodist Episcopal Hospital *of* the City of Philadelphia." Heard on a case stated, the material facts there-

Statement.

in agreed upon being substantially these: Eliza P. Clark, late of the Town of Milford, Kent County, and State of Delaware, died on the twelfth day of December, A. D. 1913, leaving unrevoked her last will and testament with a codicil thereto annexed, both made some years theretofore, which were, after the death of the testatrix, duly admitted to probate by the then register of wills for Kent County aforesaid, and letters testamentary were granted to the said Robert H. Williams, the executor nominated therein, who thereupon entered upon his duties as such executor. That the testatrix, in and by her will, made the following bequest:

"Thirty-seventh,—I give and bequeath to the Methodist Episcopal Hospital of the City of Philadelphia, the sum of five thousand dollars ($5,000) for the purpose of endowing a bed in the memory of my beloved daughters, Ada Clark and Sally Clark, now deceased."

That there is a hospital in the City of Philadelphia, State of Pennsylvania, whose corporate name is "Methodist Episcopal Hospital in the City of Philadelphia," being the plaintiff in this action, and is the only Methodist Episcopal Hospital located in said city. That it was created by and organized under the act of the Commonwealth of Pennsylvania of April 29, 1874 (*P. L.* 73), and the supplements thereto, its charter thereunder (set forth in the case stated) having been granted, February 14, 1885, amended in February, 1888, and again in October, 1894, and is included, among the class of corporations in said commonwealth, desig- nated as "not for profit." That by certain sections of the by-laws of the said "Methodist Episcopal Hospital in the City of Phila- delphia" (set forth in the case stated), provisions are made for the election of trustees, by which ministerial trustees shall be elected by the Philadelphia Annual Conference of the Methodist Episcopal Church and the lay trustees, by the contributors to the funds of the hospital as therein provided. That the testatrix was a frequent contributor to the plaintiff corporation, and had made an annual contribution thereto for more than ten years prior to her death, and was very much interested in the welfare of the plaintiff corporation. That the surgical and medical services of the plaintiff hospital are extended to all persons without distinc- tion as to creed, and without profit, and frequently without any

compensation whatever. That the personal· estate of the testatrix is ample and sufficient to pay all the several bequests made in and by her said will, including the said five thousand dollars mentioned in the thirty-seventh item of her will, without selling any of the real estate of the deceased for the payments thereof. That the bequest in question was not directed to be laid out in real estate. That the only direction as to the sale of real estate is contained in the forty-seventh item, or residuary clause of said will (set forth in the case stated), in favor of certain other beneficiaries. That the plaintiff corporation has power to receive bequests. That if the court shall be of the opinion that the said legacy of five thousand dollars bequeathed by the said Eliza P. Clark unto the Methodist Episcopal Hospital of the City of Philadelphia for the purpose, etc., is due and payable to the plaintiff corporation, then judgment shall be entered for the plaintiff for the sum of five thousand dollars, besides costs of suit, otherwise the judgment shall be entered for the defendant.

Each of the parties reserved the right to sue out a writ of error on the judgment to be entered.

The propositions of law and the authorities relied upon, so far as applicable, were the same as those contained in the argument of counsel, for the plaintiff in *Board of Stewards, etc., v. Williams, Ex., ante*, 96. *Atl.* 791.

Counsel for the defendant submitted the plaintiff's right of recovery to the court without argument.

*Per Curiam:*—And now, to wit, this thirtieth day of October, A. D. 1914, the above case stated having been argued by counsel and considered by the court, the court are of the opinion that the said legacy of five thousand dollars ($5,000) bequeathed by the said Eliza P. Clark unto the Methodist Episcopal Hospital of the City of Philadelphia for the purpose of endowing a bed in the memory of her beloved daughters, Ada Clark and Sally Clark, is due and payable to the plaintiff corporation.

And therefore, it is ordered by the court that judgment shall be entered for the plaintiff for the sum of five thousand dollars ($5,000) besides costs of suit, etc.